IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

JONATHAN SWIM and JAIME SWIM, )
                                         )
          Plaintiffs, )
                                         )
vs.                                         )   Case No. CIV-12-480-D
                                         )
HOWARD HENDRICK, *et al*., )
                                         )
          Defendants. )

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 14], which seeks dismissal of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Motion is filed on behalf of all defendants, who are individuals employed by the Oklahoma Department of Human Services ("DHS").[1] Plaintiffs Jonathan and Jaime Swim have timely opposed the Motion, which is fully briefed and at issue.

Plaintiffs bring suit under 42 U.S.C. § 1983 to recover damages for alleged violations of their federal constitutional rights by Defendants' conduct in removing Plaintiffs' minor children from their home, investigating an incident that led to the removal, and pursuing court proceedings to terminate Plaintiffs' parental rights. Although not identified in the First Amended Complaint, Plaintiffs argue in opposition to dismissal that their pleading states claims for deprivation of procedural and substantive due process. *See* Pls.' Resp. Br. [Doc. No. 18] at 4-5. Defendants

---

[1] The Motion notes that two of the named defendants (Raganda Washington and Nicki Frazier) had not been served with process as of the date of filing. *See* Motion at nn.1-2. In fact, no proof of service of any defendant appears in the case record. Because the Motion was filed by DHS counsel on behalf of all defendants without raising a defense of insufficient service of process, the Court finds a waiver of any defect in service. *See* Fed. R. Civ. P. 12(h)(1).

contend the First Amended Complaint fails to state a § 1983 claim because no unconstitutional conduct by any particular defendant is alleged, and because each of them is entitled to qualified immunity due to Plaintiffs' failure to allege the violation of a clearly established right.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679; *see also Robbins*, 519 F.3d at 1248. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

"'In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1221 (10th Cir. 2011) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)). If a defendant asserts qualified immunity, the plaintiff must allege sufficient facts to overcome this defense. "'In resolving a motion to dismiss based on qualified immunity, a court

2

must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (alterations by the court in *Brown*); *see also Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). "'In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Brown*, 662 F.3d at 1164 (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (internal quotation omitted by the court in *Brown*).

## Plaintiffs' Allegations [2]

The First Amended Complaint states that Plaintiffs' children were wrongfully taken from their home on April 19, 2010, and a petition was filed against Plaintiffs seeking the termination of their parental rights based on accusations of "shocking and heinous" actions. *See* First Am. Compl. [Doc. No. 9], ¶ 13. The personal involvement of each defendant in the alleged events will be described *infra*, as pertinent to the discussion. Plaintiffs allege generally: that "no efforts were made to 'keep the children in the home;'" that "proper policies and procedures for conducting forensic interview of the children were not followed;" that the professionals involved in the children's lives were not included in the investigation; that false reports about the children were made in order to gain additional federal funding; that "monies intercepted from the Plaintiffs' tax return" were wrongfully withheld; and that child support payments were not made to the children's

---

[2] Pursuant to the standard of decision, the factual allegations of Plaintiffs' pleading are accepted as true and stated in the light most favorable to them.

foster home in defiance of court orders and in "a deliberate attempt to shut down a kinship foster home." *See id.* ¶¶ 19-21, 24-27.

Because these general allegations do not identify the personal involvement of any particular defendant, they are insufficient to state a § 1983 claim. To state a plausible § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The court of appeals made clear in *Robbins* that collective allegations aimed at a group of governmental actors are insufficient to withstand a Rule 12(b)(6) motion; without identifying the wrongful acts allegedly committed by each defendant, a pleading fails to satisfy both the *Twombly* plausibility requirement and the fair notice requirements of Rule 8. *See Robbins*, 519 F.3d at 1250-51; *see also Gray v. University of Colo. Hosp. Auth.*, 672 F.3d 909, 919 n.9 (10th Cir. 2012) (noting use of collective term "Defendants" failed to inform individuals what unconstitutional acts they allegedly committed); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008) ("allegations that simply name the 'Defendants' generically" do not state facts about an individual defendant's conduct). Factual allegations are particularly important in a § 1983 case where qualified immunity is asserted as an affirmative defense. *See Robbins*, 519 F.3d at 1249. For these reasons, the general allegations of the First Amended Complaint will be disregarded.

Further, as to each defendant except Howard Hendrick, Plaintiffs allege Defendants' actions were "in blatant disregard of their responsibilities as child welfare specialists." *See id*. ¶¶ 13-18. This allegation does not implicate a constitutional right or standard, and Plaintiffs provide no legal authority for the implicit argument that clearly established law in 2010 recognized a parent's right to substantive or procedural due process in interactions with child welfare specialists. Thus, this

conclusory allegation is also disregarded for purposes of determining whether Plaintiffs have stated a § 1983 claim against any individual defendant sufficient to overcome qualified immunity.

## Discussion

### A. Howard Hendrick

The First Amended Complaint is silent regarding the involvement of Defendant Howard Hendrick in any events pertinent to Plaintiffs' case. His name appears only in the caption and in a paragraph identifying him, like other defendants, as an employee of a state agency. *See* First Am. Compl. [Doc. No. 9], ¶ 3. Presumably, Plaintiffs named Mr. Hendrick as a defendant due to his position as the director of DHS during the relevant time period. However, Plaintiffs allege no facts that would provide a basis for a § 1983 claim of supervisory liability. To state a plausible claim against a defendant as a supervisor of others, a plaintiff must establish: "'(1) the defendant promulgated, created, implemented or possessed personal responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation.'" *Wilson*, 715 F.3d at 856 (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)); *see also Brown*, 662 F.3d at 1163-64. Because Plaintiffs make no factual allegations that would support a § 1983 claim against Mr. Hendrick, the First Amended Complaint fails to state a claim against him, and he is entitled to dismissal under Rule 12(b)(6).

### B. Cherrier Hammond

Regarding Defendant Cherrier Hammond, the First Amended Complaint states that the incident leading to the children's removal from their home was reported to DHS on April 16, 2010, but Ms. Hammond waited an additional three days to pick up the children as a matter of

convenience, despite the "shocking and heinous" nature of the initial report. *See* First Am. Compl. [Doc. No. 9], ¶ 13. Ms. Hammond is also identified as the DHS employee who interviewed the children "in their home and at the Care Center."[3] *Id.* Thus, Plaintiffs' allegation that forensic interviews of the children were not properly conducted may be directed at Ms. Hammond.

Aside from identifying the constitutional rights implicated by their claims as substantive and procedural due process, Plaintiffs do not explain how Ms. Hammond's alleged conduct violated these rights, or provide any authority for the proposition that the unconstitutionality of her conduct was clearly established in 2010.[4] Therefore, the Court finds that the First Amended Complaint fails to state a § 1983 claim against Ms. Hammond, and she is entitled to dismissal under Rule 12(b)(6).

### C. Nicki Frazier and Jill Crow

The First Amended Complaint identifies Defendants Nicki Frazier and Jill Crow as DHS employees assigned to an adoption matter in which Plaintiffs were involved at the time of the incident. Plaintiffs allege they attempted to contact Mses. Frazier and Crow to report the incident but they "would not assist the Plaintiffs, stating there was nothing they could do . . . ." *See* First Am. Compl. [Doc. No. 9], ¶ 14.

Plaintiffs do not explain why a failure of Mses. Frazier and Crow to intervene on their behalf or assist with a child welfare matter to which they were not assigned violated a due process right of Plaintiffs. Nor do Plaintiffs address whether any right implicated by the alleged conduct of these defendants was clearly established in 2010. Therefore, the Court finds that the First Amended

---

[3] The Court assumes that Plaintiffs mean the C.A.R.E. Center operated by Child Abuse Response and Evaluation Center, Inc. *See* http://www.carecenter-okc.org (accessed July 19, 2013).

[4] The removal of a child from his or her home may implicate substantive and procedural due process rights. *See*, *e.g.*, *PJ ex rel. Jenson v. Wagner*, 603 F.3d 1182, 1198-1200 (10th Cir. 2010). However. Plaintiffs do not provide any factual allegations that would state a violation of these rights in this case.

Complaint fails to state a § 1983 claim against Mses. Frazier and Crow, and they are entitled to dismissal under Rule 12(b)(6).

**D.      Raganda Washington**

The First Amended Complaint states that Defendant Raganda Washington "used intimidation with foster parents, stating they could be charged with a crime if they interacted with the Plaintiffs, requested workers 'lie' regarding visitation, [and] made false statements to the Court . . . ." *See* First Am. Compl. [Doc. No. 9], ¶ 15.  Raganda Washington allegedly falsely reported to a court that Plaintiffs "locked a child in a closet" and "falsely stated that the Plaintiffs were not paying child support to the foster family."  *Id*. ¶¶ 22-23.  Raganda Washington also allegedly threatened and intimidated Plaintiffs' "involved family members in an attempt to thwart reunification" and "refused to assist Plaintiffs in obtaining mandated treatment programs."  *Id*. ¶¶ 28-29.

While these factual allegations regarding Raganda Washington are troubling, Plaintiffs do not articulate what due process violation is stated by her alleged conduct.  The court of appeals has recognized a substantive due process right to familial association, but has applied a balancing test to determine whether the right was infringed under particular circumstances.  *See*, *e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1198-99 (10th Cir. 2010).  Plaintiffs do not provide any factual support for a conclusion that Raganda Washington's conduct violated their associational rights. Further, assuming a cognizable liberty interest of Plaintiffs is implicated by Raganda Washington's conduct, a right to procedural due process in the deprivation of that interest might arise.  *See id*. at 1199-1200; *see also Arrendono v. Locklear*, 462 F.3d 1292, 1297-98 (10th Cir. 2006) (discussing procedural due process in the removal of children from a home or termination of parental rights). The court of appeals considered in *Jensen*, however, whether misrepresentations to a juvenile court in a custody proceeding might have violated family members' procedural due process rights, and

7

stated as follows: "Although we can conceive of circumstances in which false testimony may infect a judicial proceeding to the point that the proceeding itself becomes constitutionally deficient, . . . the Jensens have not demonstrated that any statements by [the defendant] had such a degenerative effect on the juvenile court proceedings in this case." *Id*. at 1200. Similarly here, Plaintiffs do not provide sufficient factual allegations to suggest that any false statements made by Raganda Washington had such an effect or otherwise violated a due process right. Further, Plaintiffs cite no legal authority to show that the unconstitutionality of Raganda Washington's conduct was clearly established at the time it occurred. Finally, to the extent Raganda Washington may have been responsible for prosecuting a child abuse proceeding or appeared as a witness in the proceeding, she is entitled to absolute immunity from a civil suit for damages under § 1983. *See Snell v. Tunnell*, 920 F.2d 673, 686-87 (10th Cir. 1990).

For these reasons, the Court finds that the First Amended Complaint fails to state a § 1983 claim against Raganda Washington, and she is entitled to dismissal under Rule 12(b)(6).

**E.     Angela Burleigh and Marcus Jones**

The First Amended Complaint states that Defendant Angela Burleigh "made false statements to the Court, did not do any investigations in this matter of talking to witnesses, etc., instead basing her beliefs on statements from other workers, [and] made accusations against the Court approved supervisor of breaking confidentiality." *See* First Am. Compl. [Doc. No. 9], ¶ 16. Similarly, Defendant Marcus Jones "made false statements to the Court, did not do any investigations in this matter of talking to witnesses, etc." *Id*. ¶ 17. These defendants, together with Raganda Washington, allegedly made the false report to a court regarding Plaintiffs' locking a child in a closet and falsely stated Plaintiffs were not paying child support to a foster family. For the reasons stated above regarding Plaintiffs' allegations against Raganda Washington, the Court finds that the First

8

Amended Complaint fails to state a § 1983 claim against these defendants, and they are entitled to dismissal under Rule 12(b)(6).

**F.     Tamara Washington**

The First Amended Complaint states that Defendant Tamara Washington refused to assist Plaintiffs "in obtaining counseling requested by her department [and] additional training" and refused to help the minor children with school transfers. *See* First Am. Compl. [Doc. No. 9], ¶ 18. Plaintiffs do not explain how this alleged conduct implicated any due process right or violated any clearly established constitutional law. Therefore, the Court finds that the First Amended Complaint fails to state a § 1983 claim against Tamara Washington, and she is entitled to dismissal under Rule 12(b)(6).

**Conclusion**

For these reasons, the Court finds the First Amended Complaint fails to state a § 1983 claim against any defendant and, therefore, Defendants are entitled to a dismissal without prejudice of the First Amended Complaint.[5]

---

[5] Plaintiffs do not request leave to further amend their pleading if the Court finds the First Amended Complaint fails to state a claim. "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 14] is GRANTED, as set forth herein. Judgment shall be entered accordingly.

IT IS SO ORDERED this 2nd day of August, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE